UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

MARVIN CALVIN,

                         Plaintiff,

           -against-

CITY OF NEW YORK; Department of Correction ("DOC")
Commissioner DORA B. SCHRIRO; Chief of Department
EVELYN A. MIRABAL; Officer MATTHEW PEDLAR
(Shield #4988); Officer ANTONIO BRAVO (Shield #17297);
Officer STEPHOND HAWKINS (Shield #23653); and
Captain ANNA PRESSLEY[2] (Shield #31706),

                                    Defendants.
------------------------------------------------------------------ x

**STIPULATION OF SETTLEMENT**

14 CV 489 (TPG) (AJP)

        **WHEREAS**, plaintiff commenced this action by filing a complaint on or about January 27, 2014, alleging that the defendants violated plaintiff's federal civil and state common law rights; and

        **WHEREAS**, defendants have denied any and all liability arising out of plaintiff's allegations; and

        **WHEREAS**, the parties now desire to resolve the issues raised in this litigation, without further proceedings and without admitting any fault or liability; and

        **WHEREAS**, plaintiff has authorized his counsel to settle this matter on the terms set forth below;

        **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned, as follows:

---

[2] Ada Pressley has been incorrectly named in the Complaint as "Anna Pressley". Ada Pressley has since been promoted to Assistant Deputy Warden.

1.  The above-referenced action is hereby dismissed against defendants, with prejudice, and without costs, expenses, or attorneys' fees except as specified in paragraph "2" below.

2.  Defendants hereby agree to pay plaintiff Marvin Calvin the sum of Two Hundred and Fifty-Two Thousand ($252,000.00) Dollars in full satisfaction of all claims, including any and all claims arising out of, or relating to, plaintiff's December 3, 2014 arrest under arrest number M14704413 and all claims for costs, expenses and attorneys' fees, as follows:

| | |
|---|---|
| Defendant City of New York | $250,000.00 |
| Defendant Antonio Bravo | $1,000.00 |
| Defendant Matthew Pedlar | $1,000.00 |

In consideration for the payment of these sums, plaintiff agrees to dismissal of all the claims against the defendants and to release the defendants, the City of New York, and any present or former employees and agents of the City of New York or any entity represented by the Office of the Corporation Counsel, from any and all liability, claims, or rights of action alleging a violation of plaintiff's civil rights and any and all related state law claims, from the beginning of the world to the date of the General Release, including but not limited to any and all claims arising out of, or relating to, plaintiff's December 3, 2014 arrest under arrest number M14704413 and claims for costs, expenses, and attorneys' fees.

3.  Defendants Antonio Bravo and Matthew Pedlar will pay the sum of One Thousand ($1,000.00) Dollars *each* to plaintiff.

   a. The payment shall be effected by certified check from defendants payable to "Emery Celli Brinckerhoff & Abady LLP as attorneys for Marvin Calvin" and shall be tendered

to plaintiff's counsel, Emery Celli Brinckerhoff & Abady LLP, 600 Fifth Avenue, 10th Floor, New York, New York, 10020.

    b. Defendants Bravo and Pedlar shall make payments to plaintiff in accordance with the following schedule:

        i. $100 on or before May 1, 2015

        ii. $100 on or before June 1, 2015

        iii. $100 on or before July 1, 2015

        iv. $100 on or before August 1, 2015

        v. $100 on or before September 1, 2015

        vi. $100 on or before October 1, 2015

        vii. $100 on or before November 1, 2015

        viii. $100 on or before December 1, 2015

        ix. $100 on or before January 1, 2016

        x. $100 on or before February 1, 2016

    c. If any payment is received by ECBA, on behalf of plaintiff, more than seven (7) business days late, a judgment for the amount of One Thousand Five Hundred Dollars ($1,500) minus the payments previously made shall be entered against the defendant(s) who failed to remit the timely payment. Before filing a judgment or executing a lien, plaintiff's counsel shall provide the defaulting defendant(s) and his/their attorneys, Koehler & Isaacs LLP, with written notice that the payment is late and the defaulting defendant(s) has/have seven (7) business days to cure such deficiency.

    d. Concurrent with the signing of this Stipulation, defendants Antonio Bravo and Matthew Pedlar shall each sign an Affidavit of Confession of Judgment ("Confession

of Judgment"), attached herein as Exhibits A-B. Execution of such Confession of Judgment does not constitute, imply, or otherwise infer an admission of liability or wrongdoing on part of the defendants Antonio Bravo and/or Matthew Pedlar.

    e. The Confession of Judgment shall be held in escrow by plaintiff's counsel and shall not be filed and/or recorded unless the defendants fail to cure any deficiency after receiving notice as provided for in the prior paragraph. If the form of the Judgment by Confession, also attached as Exhibits C-D, is not in compliance with the requirements of this or any other Court, plaintiff's counsel may, upon prior ample notice of at least three (3) business days to the counsel for the defendants, alter the same in accordance with this or any other Court's requirements.

    f. Upon the full satisfaction of the Defendants' payment obligations under this settlement, plaintiff's counsel will return the original Affidavits of Confession of Judgment to the Defendants and/or Koehler & Isaacs LLP within five (5) business days of the last payment made.

4. Defendants Antonio Bravo and Matthew Pedlar agree to the dismissal of all claims against the City of New York, and agree to release the City of New York and any present and former employees or agents of the City of New York, or any agency thereof, from any and all liability, claims, or rights of action arising from and contained in the Answer filed in this action, or arising out of or relating to this action, including claims for costs, expenses, and attorneys' fees. Defendants Bravo and Pedlar agree to execute and deliver to defendant City of New York's attorney a General Release based on the terms of this paragraph, in the form annexed hereto.

5. Plaintiff shall execute and deliver to defendant City of New York's attorney and the attorneys for defendants Antonio Bravo and Matthew Pedlar all documents necessary to effect this settlement, including, without limitation, a General Release based on the terms of paragraph 2 above and an Affidavit of Status of Liens. Prior to tendering the requisite documents to effect this settlement, Medicare-recipient plaintiffs must obtain and submit a final demand letter from Medicare for the reimbursement of any conditional payments made by Medicare for any injury or condition that is the subject of this lawsuit. A Medicare Set-Aside Trust may also be required if future anticipated medical costs are found to be necessary pursuant to 42 U.S.C. § 1395y(b) and 42 C.F.R. §§ 411.22 through 411.26.

6. Nothing contained herein shall be deemed to be an admission by the defendants that they have in any manner or way violated plaintiff's rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, or the City of New York or any other rules or regulations of any department or subdivision of the City of New York. This stipulation shall not be admissible in, nor is it related to, any other litigation, administrative proceeding or settlement negotiations, except to enforce the terms of this agreement.

7. Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York or any agency thereof.

8. Plaintiff agrees to hold harmless defendants regarding any liens or past and/or future Medicare payments, presently known or unknown, in connection with this matter. If conditional and/or future anticipated Medicare payments have not been satisfied, defendants and the City of New York reserve the right to issue a multiparty settlement check naming

Medicare as a payee or to issue a check to Medicare directly based upon Medicare's final demand letter.

9. This Stipulation of Settlement contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation of Settlement regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

Dated: New York, New York

March 10, 2015

EMERY CELLI BRINCKERHOFF & ABADY LLP
*Attorneys for Plaintiff*
600 Fifth Avenue, 10th Floor
New York, NY 10020
(212) 763-5000

By: _____
O. Andrew F. Wilson, Esq.
Alison Frick, Esq.

ZACHARY W. CARTER
Corporation Counsel of the
City of New York
*Attorney for Defendants City of New York, former Commissioner Dora B. Schriro, former Chief of Department Evelyn A. Mirabal, Assistant Deputy Warden Ada Pressley, and Correction Officer Stephond Hawkins*
100 Church Street, Room 3-166
New York, New York 10007
(212) 356-2328

By: _____ (3/20/15)
Diep Nguyen, Esq.
*Assistant Corporation Counsel*

LEGAL AID SOCIETY
*Attorneys for Plaintiff*
199 Water Street, 6th Floor
New York, NY 10038
(212) 577-3530

By: _____
Jonathan Chasan, Esq.

KOEHLER & ISAACS LLP
*Attorneys for Defendants Antonio Bravo and Matthew Pedlar*
61 Broadway, 25th Floor
New York, NY 10006
(917) 551-1300

By: _____
Julie Ortiz, Esq.

Mary Lynne Werlwas, Esq.